Adalberto **DELGADO**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–72280.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Bernard Granados, Esq., Law Office of Granados & Mendez, Los Angeles, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Ethan B. Kanter, Esq., DOJ—U.S. Department of Justice Civil Div./Office of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Adalberto Delgado, a citizen of Mexico and a legal permanent resident of the United States, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision finding him removable from the United States for alien smuggling, and finding him ineligible for cancellation of removal and adjustment of status. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), and claims of constitutional violations, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

Contrary to Delgado's contention, the agency did not err in finding his participation in alien smuggling rendered him inadmissible as an applicant for adjustment of status, *see* 8 U.S.C. §§ 1255(a)(2); 1182(a)(6)(E)(i) ("Any alien who at any time knowingly … assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible"), and ineligible for a waiver because the person he assisted was not his "spouse, parent, son or daughter," *see* 8 U.S.C. § 1182(a)(6)(E)(ii).

Moreover, Delgado's due process rights were not violated by the IJ admitting and relying on the I–213 form, where Delgado failed to follow the IJ's instruction to file an objection in writing prior to the hearing and where there was no demonstration of coercion underlying the form. *See* 8 C.F.R. § 1003.31(c) (authorizing the immigration judge to set time limits for submission of documents); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995) (an I–213 is presumed to be reliable, and "[t]he burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence"). Nor did the IJ violate Delgado's due process rights by precluding a witness's testimony, where Delgado did not comply with the court's local rules requiring submission of a witness list prior to the hearing. *See* 8 C.F.R. § 1003.40 (authorizing immigration courts to establish local operating procedures). In the absence of a valid excuse for failure to submit the written objection or witness list, the IJ's decisions were not "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (internal citation omitted).

To the extent Delgado contests his eligibility for cancellation of removal, the IJ did not err in finding he lacked sufficient physical presence. *See* 8 U.S.C. § 1229b(d)(1).

We lack jurisdiction to review Delgado's contentions regarding the G–166 form because he did not raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.